## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No. 22-20288

DEANTE MALIK TRIMBLE,

      Defendant.

_____/

## ORDER AMENDING STANDING ORDER FOR DISCOVERY AND INSPECTION IN CRIMINAL CASES; AND GIVING NOTICE OF CERTAIN PRETRIAL AND TRIAL PRACTICES

Certain amendments to Administrative Order No. 03-AO-027 governing trial preparation will better assist in the effective administration of this case. Accordingly.

**IT IS HEREBY ORDERED** that the Administrative Order is amended in certain respects in this case as stated in Appendix 1 to this Order. Trial preparation shall proceed consistently with such amendments.

Counsel will also note the court's intended practices, outlined in Appendix 2 to this Order, concerning pretrial, voir dire, jury selection, trial practices, final pretrial and guilty plea cutoff, and sentencing.

For detailed information, visit <http://www.mied.uscourts.gov >

Judges > District Judges > Judge Robert H. Cleland > Practice Guidelines

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Date: June 8, 2022

APPENDIX 1

## AMENDMENTS TO STANDING ADMINISTRATIVE ORDER ON CRIMINAL PRACTICE

The references in this Appendix to "section" numbers are to the sections of the Standing Order.

1) **Section 5(a) (MARKING OF EXHIBITS):**

Exhibits shall be **pre-marked** and designated as: **government exhibits beginning with "101" and defendant's exhibits beginning with "501."** Counsel may discuss and recommend to the court before trial a reasonable alteration to the numbering system described.

The list required under Section 5(a) of the Standing Order should be submitted not later than the morning of jury selection.   Counsel for the government is urged to make reasonable efforts to reach agreement with other counsel concerning the admissibility of each intended physical exhibit.   In the event such agreement is reached, such exhibits will be considered admitted at the outset.

2) **Sections 5(b), 6 and 7 (OBJECTIONS TO FOUNDATIONAL ISSUES):**

In the event either party files a notice of intent to contest foundation,

chain-of-custody or scientific analysis, such notice shall be filed not later

than **7 days before trial**.   Unless such items or possible exhibits are

unusually voluminous, the notice shall provide a brief exhibit-by-exhibit or

item-by-item description of the good faith basis for any such objection.   A

blanket statement saying no more than "defendant contests the foundation"

is not sufficient. The statement of the basis for any objection may be *ex*

*parte* if in the opinion of counsel there is a reasonable basis for doing so.

3)      **Section 10 (JURY INSTRUCTIONS):**

Government counsel is directed to draft proposed instructions which

identify the elements of the offense in the form of 6th Circuit pattern

instruction 2.02, and to draft any other case-specific instruction requests.

Counsel for the defense shall also draft any requested additional

out-of-the-ordinary instructions.

Other instructions may be requested by either party simply by

reference to pattern instruction number.

"Elements" instructions proposed by the government, and proposed

special instructions by both counsel shall be circulated among counsel with

a reasonable opportunity given for reaction and possible stipulation.   All

such drafting and reaction shall be concluded in time for submission of

stipulated and requested instructions **one week before the jury selection**
is scheduled to commence.   The court intends to produce in chambers the
final set of instructions.

Submit proposed instructions to chambers using CM/ECF utilities.

4)      **Section 11 (MOTION TIME LIMITS):**

The court will generally set appropriate motion cut-off dates in a
scheduling order.   The stringency of those limits generally varies with the
complexity of the case and the completeness of voluntary government
discovery. Counsel are reminded that before filing any motion a party must
seek concurrence under Local Rule 7.1. Afford at least three business days
for reaction and explain in reasonable detail counsel's unsuccessful efforts.
Failure to so explain will ordinarily result in a summary denial of the motion.

APPENDIX 2

**FINAL PRETRIAL; VOIR DIRE; JURY SELECTION AND TRIAL PRACTICES; SENTENCING ; FINAL PRETRIAL AND CHANGE-OF-PLEA DEADLINE**[1]

1)      **NEGOTIATIED PLEA AGREEMENTS**. To promote efficient

scheduling, the court does not ordinarily accept a negotiated plea of guilty[2]

after the final pretrial and change-of-plea cutoff conference date.

2)      **CHAGE OF PLEA ANTICIPATED**. The defendant must be prepared

to proceed with the guilty plea on the date of the Final Pretrial Conference.

The court may call on the defendant to explain his guilty plea, so counsel

should prepare the defendant to recite on the record a proper factual basis.

3)      **NO CHANGE OF PLEA ANTICIPATED.** In the event that the

defendant chooses to proceed to trial, the court will conduct a hearing

guided by *Lafler v. Cooper*, 566 U.S. 156 (2012). The government must set

---

[1]    More detailed information is available at the the Court's website: <http://www.mied.uscourts.gov > Judges > District Judges > Judge Robert H. Cleland > Practice Guidelines

[2]   A "negotiated" plea is one that contains any restrictions regarding sentencing under Rule 11, a significant reduction in the number of counts alleged, a 5K1.1 provision or any other concessions by the government that could impinge upon the court's sentencing authority or discretion.  The court only rarely accepts plea agreements under Rule 11(c)(1)(C), but most often is presented with—and accepts—agreements under Rule 11(c)(1)(B) that include non-binding sentencing recommendations; the court also generally accepts plea agreements that contemplate well-founded 5K1.1 departures. Although 11(c)(1)(B) sentencing recommendations are non-binding, the court nonetheless gives them careful consideration, and substantial weight.

forth on the record the last offered plea agreement and the government's

view of the likely sentencing guidelines implications if the proffered

agreement were accepted as contrasted with those anticipated after

conviction at trial. The defendant must explain his or her understanding on

the record and assure the court that the decision to proceed to trial was

made after adequate consultation with counsel, *i.e.*, that the decision

represents the defendant's knowing and voluntary choice. A form is

provided for the defendant to sign and acknowledge (and in some

instances recite verbatim on the record). Counsel and the court will then

conduct a Final Pretrial Conference, and discuss at least the following

areas:

a)   Evidence stipulations or problems
b)   Instruction stipulations or problems
c)   unresolved motions
d)   Number of witnesses and estimated time for case presentation
e)   Estimated time for opening statements
f)   Understanding of juror-proposed question procedure

4)   ***VOIR DIRE***. It is the court's practice to conduct *voir dire* questioning

of the jury panel.   Counsel must submit any questions they may wish to

request in writing to the court not later than the end of the business day

**three days before jury selection** is scheduled to commence.   Question

requests submitted on the morning of trial will generally not be considered

by the court.

5)      **<u>JURY SELECTION METHOD: JURY TRIAL PRACTICES</u>**

The court will use a "struck jury" system for jury selection.   A detailed

written description of this method is available from chambers and on the

Court's website. Ordinarily the court will select twelve regular and two

alternate jurors.   Principal peremptory challenges must be used to select

the twelve, and the additional peremptory used separately to select the

alternates.   Alternate jurors are ordinarily told that they are alternates.

At trial, the court generally gives to the jury a copy of the indictment

as a guide to the case the government is required to prove.   Therefore,

counsel for the government ordinarily produces a "sanitized" version of the

indictment redacted of all language referring to the Grand Jury and any

other irrelevant or potentially prejudicial matter.

The jury will be allowed to take notes. The jury will ordinarily be

allowed to submit written proposed clarification questions of witnesses at

the conclusion of the testimony.   Any such questions will be reviewed by

the court and counsel out of the hearing of the jury, with counsel having the

opportunity to object to the substance of the question.   The court then asks

the question on behalf of the juror, and counsel are given an opportunity for

pertinent follow-up questions. Caution is exercised during this process, and the court specifically instructs the jury in advance on these issues. See the court's website for further specifics. Any objection to this procedure or suggestions for alteration must be stated in advance of trial.

6)      **SENTENCING PROCEDURES**

Upon conviction at trial or after a plea change, a presentence report will be prepared and circulated; counsel will respond pursuant to the Federal Rules and the Local Rules of this court. The procedures to be used in preparation for sentencing will be set forth in a separate order.

**DEPARTURES.**   A motion for a departure from the calculated range based upon Sentencing Guidelines factors must be briefed and stated in writing, to be filed ***fourteen days before sentencing.*** Provide a copy to the Probation Officer. A party opposing the departure must file a response ***seven days before sentencing.*** A decision on a departure motion will ordinarily be announced before sentencing. Argument may be invited by the court in some cases.

**VARIANCES.**   Requests for sentencing variances based upon 28 U.S.C. § 3553(a) factors are closely related to the substance of sentencing allocution. To assist the court, the basis for proposed sentencing variances

5

should be set forth in a motion filed in combination with a motion for departure, *supra*.

A separate sentencing memorandum is optional, but often helpful, and should be filed ***not fewer than seven days before sentencing*** if at all. Do not simply cut and paste departure or variance arguments.

Unless otherwise permitted for reasonable cause, allocution should not exceed eight minutes for defendant's counsel, five minutes for defendant and eight minutes for government counsel.